UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORENE M. JENSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>               Defendant. | CASE NO:  2:13-CV-3120-TOR<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

BEFORE THE COURT is the Report and Recommendation ("R&R") (ECF No. 23) issued by Magistrate Judge Bianchini, recommending Plaintiff's motion for summary judgment (ECF No. 15) be denied and Defendant's motion for summary judgment (ECF No. 16) be granted.  Plaintiff filed a timely objection December 12, 2014.  ECF No. 24.  Defendant filed a response December 17, 2014.  ECF No. 25.

This Court concludes the Magistrate Judge correctly found the decision by the administrative law judge ("ALJ") is supported by substantial evidence and in

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 1

accord with the correct legal standards.  Accordingly, the Court accepts and adopts the Magistrate Judge's R&R.

## BACKGROUND

Magistrate Judge Bianchini's R&R recommends the Court affirm the Commissioner's final decision to deny Plaintiff's Supplemental Security Income claim under Title XVI of the Social Security Act.  ECF No. 23.  Plaintiff raises two objections to the R&R: (1) the Magistrate Judge applied improper legal standards to the ALJ's adverse credibility finding and to the determination of harmless error; and (2) the Magistrate Judge did not address the ALJ's failure to consider all the medical evidence.

## DISCUSSION

The Court has reviewed the R&R and all of the records herein and is fully informed; the Court has conducted a *de novo* review of those portions of the R&R to which objections have been made.  *See* 28 U.S.C. § 636(b)(1)(C).

### 1. Improper Legal Standards

#### A. Adverse Credibility Finding

First, Plaintiff objects to the R&R's use of the improper legal standard to evaluate the ALJ's decision to discredit Plaintiff's symptom testimony.  ECF No. 24 at 4.  Plaintiff contends the R&R applied a "substantial evidence" standard rather than a "clear and convincing" standard.  ECF No. 24 at 7-8.  Plaintiff alleges

1  agency policy requires the ALJ to follow the less burdensome substantial evidence

2  standard, and that the ALJ's adverse credibility finding is not supported by

3  specific, clear and convincing reasons, as required by Ninth Circuit precedent.

4  ECF No. 24 at 6 (citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)).   The

5  Commissioner responds that even where the clear and convincing standard is

6  applied, substantial evidence review is still relevant to a court's assessment of an

7  ALJ's factual findings, and argues that the Magistrate Judge applied the correct

8  legal standards.  ECF No. 25 at 4-5.  Further, the Commissioner acknowledges that

9  agency rules do not require clear and convincing reasons, but argues the ALJ's

10  reasoning met the more exacting standard nonetheless.  ECF No. 25 at 3-4.

11       "In assessing the credibility of a claimant's testimony regarding subjective

12  pain or the intensity of symptoms, the ALJ engages in a two-step analysis."

13  *Molina*, 674 F.3d at 1112 (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

14  2009)).  First, the ALJ must determine whether the claimant has proved the

15  existence of a physical or mental impairment with "medical evidence consisting of

16  signs, symptoms, and laboratory findings."  20 C.F.R. §§ 416.908, 416.927; *see*

17  *Molina*, 674 F.3d at 1112.  A claimant's statements about his or her symptoms

18  alone will not suffice.  20 C.F.R. §§ 416.908, 416.927.  "Once the claimant

19  produces medical evidence of an underlying impairment, the Commissioner may

20  not discredit the claimant's testimony as to subjective symptoms merely because

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 3

they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228,

1234 (9th Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995));

*Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the

impairment "could reasonably be expected to produce the pain or other

symptoms," the claimant may offer a subjective evaluation as to the severity of the

impairment.  *Bunnell*, 947 F.2d at 345-46.  This rule recognizes that the severity of

a claimant's symptoms "cannot be objectively verified or measured."  *Id.* at 347

(citation omitted).

       However, an ALJ may conclude that the claimant's subjective assessment is

unreliable, so long as the ALJ makes "a credibility determination with findings

sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958

(9th Cir. 2002); *see also Bunnell*, 947 F.2d at 345 ("[A]lthough an adjudicator may

find the claimant's allegations of severity to be not credible, the adjudicator must

specifically make findings which support this conclusion.").  If there is no

evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d

661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must

specifically identify the testimony she or he finds not to be credible and must

explain what evidence undermines the testimony." *Holohan v. Massanari*, 246

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 4

F.3d 1195, 1208 (9th Cir. 2001); *see Berry*, 622 F.3d at 1234 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). The "clear and convincing reasons" for an adverse credibility finding must be supported by substantial evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (stating the next task for a court is "to determine whether the ALJ's adverse credibility finding of [the claimant's] testimony is supported by substantial evidence under the clear-and-convincing standard").

In weighing the claimant's credibility, the ALJ may consider many factors, including "'(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'" *Chaudry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)). If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Id.* (quoting *Tommasetti*, 533 F.3d at 1039).

Here, the ALJ found the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but decided the Plaintiff's statements concerning "the intensity, persistence and limiting effects of

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 5

these symptoms" are not fully credible.  Tr. 25.  Upon review, the Magistrate

Judge correctly cited and applied the clear and convincing standard and

appropriately found the ALJ's specific, clear and convincing reasons for an

adverse credibility finding were supported by substantial evidence.  ECF No. 23 at

13-14.

Upon *de novo* review, this Court finds the ALJ provided the following

specific, clear and convincing reasons supported by substantial evidence for

finding Plaintiff's subjective statements not fully credible: (1) the medical

evidence did not support the degree of limitation alleged by Plaintiff; and (2)

Plaintiff's testimony regarding disabling symptoms was inconsistent with her

reported daily activities.

First, the ALJ found the medical evidence did not support the degree of

mental limitations alleged by Plaintiff.  The ALJ set out, in detail, the medical

evidence regarding Plaintiff's mental impairments, *see* Tr. 25-29, and ultimately

concluded that her allegations were inconsistent with the medical evidence. Tr. 25.

For instance, although Plaintiff testified that due to her depression she is

"somewhat isolative" the record shows "she goes to the movies and is able to

interact with store clerks" and "can maintain appointments when she is motivated

by her own wants and desires."  Tr. 26.  Further, the ALJ afforded significant

weight to opinions provided by Dr. Jay Toews, a consultative examiner, who

examined the Plaintiff three times over an extended period.  The ALJ found Dr.

Toews's opinion undermined Plaintiff's testimony where she states her mental

impairment symptoms would make it difficult for her to maintain a day-to-day job.

Tr. 56-57; 78-79; 80; 83.  Dr. Toews concluded Plaintiff "is cognitively intact" and

"has good learning ability and excellent memory functioning."  Tr. 28 (citations to

record omitted).  Dr. Toews noted that Plaintiff stated "she doesn't believe she has

a disability," and her "mental health history is inconsistent, sporadic and

compliance is poor."  Tr. 27-28.  Dr. Toews also concluded that Plaintiff's

"[p]sychiatric complaints are highly exaggerated" and she "appears motivated to

seek disability benefits." Tr. 28 (citations to record omitted).

      Such inconsistencies between Plaintiff's alleged limitations and medical

evidence provided a permissible reason for discounting Plaintiff's credibility.  *See*

*Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) ("If the ALJ finds that

the [plaintiff's] testimony as to the severity of her pain and impairments is

unreliable, the ALJ must make a credibility determination … [t]he ALJ may

consider … testimony from physicians and third parties concerning the nature,

severity and effect of the symptoms of which the [plaintiff] complains) (internal

citations omitted)); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001) ("While subjective pain testimony cannot be rejected on the sole ground that

it is not fully corroborated by objective medical evidence, the medical evidence is

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 7

1  still a relevant factor in determining the severity of the claimant's pain and its

2  disabling effects.").

3      Second, the ALJ found that Plaintiff's daily activities were inconsistent with

4  her alleged symptoms.  In general, "disability claimants should not be penalized

5  for attempting to lead normal lives in the face of their limitations."  *Reddick v.*

6  *Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  "Yet if a claimant is able to spend a

7  substantial part of his day engaged in pursuits involving the performance of

8  physical functions that *are* transferable to a work setting, a specific finding as to

9  this fact may be sufficient to discredit an allegation of disabling excess pain." *Fair*

10 *v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("There must…be some types of

11 evidence capable of being introduced at a hearing on which an ALJ can rely to find

12 a pain allegation incredible.").  "Even where those activities suggest some

13 difficulty functioning, they may be grounds for discrediting the claimant's

14 testimony to the extent that they contradict claims of a totally debilitating

15 impairment." *Molina*, 674 F.3d at 1113.

16      Here, the ALJ noted that the claimant's daily functioning and other reported

17 activities are inconsistent with allegations of more limiting symptoms.  In support,

18 the ALJ noted the following:

19      [T]he [Plaintiff] reported she was fully independent for basic self-care
       and had a full complement of independent living skills.  She
20     [reported] she required no prompts or cues for activities of daily
       living.  She was able to plan and prepare meals, do light housework

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 8

and laundry.  She was able to shop independently.  She managed
funds, understood the rudiments of budgeting, and was able to pay her
bills.  She said she was able to interact with store clerks for purposes
of commerce.

Tr. 26-27.  The ALJ reasoned that Plaintiff's complete independence in her

activities of daily living is inconsistent with a finding of disability.  Tr. 26.  Thus,

the ALJ's finding with respect to claimant's report of her own limitations was

"specific, clear and convincing." *See Rollins*, 261 F.3d at 857 ("It is true that

[plaintiff's] testimony was somewhat equivocal about how regularly she was able

to keep up with all of these activities, and the ALJ's interpretation of her testimony

may not be the only reasonable one. But it is still a reasonable interpretation and is

supported by substantial evidence; thus, it is not our role to second-guess it.").

Accordingly, because the ALJ provided specific, clear and convincing

reasons based on substantial evidence, this Court also concludes the ALJ applied

the correct legal standard in discounting Plaintiff's credibility.

## B.  Harmless Error Standard

Next, Plaintiff objects to the R&R's application of the harmless error

standard.  ECF No. 24 at 14-16.  Specifically, Plaintiff argued and the R&R found

the ALJ erred in implying that Plaintiff had a "predisposition" toward seeking

disability benefits due to the fact that all three of her brothers were on disability.

ECF No. 24 at 1-2 (citing Tr. 26).  However, the R&R found this to be harmless

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 9

1  error because it "was not a necessary component of the ALJ's credibility analysis,

2  which was adequately supported by the medical evidence."  ECF No. 23 at 18.

3  Plaintiff objects to application of this harmless error formulation, contending the

4  appropriate standard to apply is "whether the Court can confidently conclude that

5  no other ALJ would have reached a different conclusion."  ECF No. 24 at 3 (citing

6  *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

7         Plaintiff misinterprets the law.  Different formulations of the harmless error

8  rule apply in the Social Security Act context "depending on the facts of the case

9  and the error at issue."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

10  The general principle adhered to by the courts is that an "ALJ's error is harmless

11  where it is inconsequential to the ultimate nondisability determination."  *Id.* (citing

12  *Carmickle*, 533 F.3d at 1162; *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

13  2007); *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 885 (9th Cir. 2006); *Stout*, 454

14  F.3d at 1055); *see also  Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090,

15  1099 (9th Cir. 2014) ("An error is harmless if it is 'inconsequential to the ultimate

16  nondisability determination,' or 'if the agency's path may reasonably be discerned,'

17  even if the agency 'explains its decision with less than ideal clarity.'"(citations

18  omitted)).

19

20

1    In *Stout*, the case cited by the Plaintiff, the ALJ failed to comment on

2  "competent" lay witness testimony regarding the claimant's ability to work.  454

3  F.3d at 1053.  In this context, where the ALJ's error is failing to discuss competent

4  lay witness testimony favorable to the claimant, the court held "a reviewing court

5  cannot consider the error harmless unless it can confidently conclude that no

6  reasonable ALJ, when fully crediting the testimony, could have reached a different

7  disability determination."  *Id.* at 1056.

8    Here in contrast, where an ALJ provided an invalid reason for disbelieving a

9  claimant's testimony, but also provided valid reasons supported by the record, the

10  error is harmless so long as there remains substantial evidence supporting the

11  ALJ's valid reasons.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

12  ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ

13  provided one or more invalid reasons for disbelieving a claimant's testimony, but

14  also provided valid reasons that were supported by the record." (citing *Bray v.*

15  *Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1227 (9th Cir. 2009); *Carmickle*, 533

16  F.3d at 1162-63; *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195-97

17  (9th Cir. 2004)).

18    Here, the *Stout* harmless error formulation does not apply.  Thus, this Court

19  finds the R&R applied the appropriate harmless error formulation and on *de novo*

20  review also determines the ALJ's error to be harmless.

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 11

1     **2. Evaluation of Available Evidence**

2            Second, Plaintiff objects to the R&R's failure to address whether the ALJ

3     properly evaluated all of the available medical opinion evidence.  ECF No 24 at

4     16.  Plaintiff disagrees with the ALJ's interpretation of the agency's mental

5     residual functional capacity ("MRFC") form, which is used by consultative

6     examiners, and claims the ALJ's method of analyzing this form prohibits the

7     evaluation of all available medical opinion evidence.  ECF No. 24 at 16.  The ALJ

8     found agency guidance directs ALJs to rely upon Section III of the MRFC form,

9     rather than Section I of the same form.  Tr. 27.  Plaintiff contends, per this agency

10    guidance, "[t]he ALJ stated she was prohibited from evaluating all of the medical

11    opinions of record."  ECF No. 24 at 16.  Plaintiff misinterprets the ALJ's

12    statements.

13           Pursuant to an internal Social Security Administration manual, the Program

14    Operations Manual ("POMS"),[1] the ALJ's conclusions regarding Plaintiff's

15    functional capacity were based on "narrative comments provided in Section III of

16    the [MRFC] form."  Tr. 27.  The record shows the ALJ rejected Plaintiff's

17    _____

18    [1] As noted in the R&R, the POMS has no legal force but may be considered

19    persuasive authority.  ECF No. 23 at 22 n.3 (citing *Hermes* v. *Sec'y of Health &*

20    *Human Servs.,* 926 F.2d 789, 791 n.1 (9th Cir. 1991).

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 12

1    argument that the check-box portion of Section I of Plaintiff's MRFC form was

2    itself indicative of a finding of disabled.  Tr. 27.  The ALJ stated, pursuant to

3    POMS DI 24510.060, Section I of the form is "merely a worksheet to aid in

4    deciding the presence and degree of functional limitations," while Section III

5    explains the conclusions made in Section I, "in terms of the extent to which these

6    mental capacities or functions could or could not be performed in a work setting."

7    Tr. 27.

8        Plaintiff is wrong in interpreting the ALJ's reliance on Section III of the

9    MRFC form as a refusal to evaluate all of the medical evidence.  ECF No. 24 at

10   16.  As discussed above, Section III of the form explains the conclusions made in

11   Section I.  Thus, when relying on Section III, the ALJ's analysis necessarily

12   subsumes the medical opinion evidence provided in Section I of the form.  Most

13   assuredly in this case the ALJ discussed and considered the information in

14   Section I of the form.  Consequently, this Court finds the ALJ's reliance on

15   Section III does not mean the ALJ failed to consider and weigh all of the

16   available medical opinion evidence.

17       Accordingly, the Court adopts the Report and Recommendation in its

18   entirety.

19   //

20   //

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 13

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Objection to Magistrate Judge Bianchini's Report and Recommendation (ECF No. 24) is **OVERRULED.**

2.  The Court hereby **ADOPTS** the Report and Recommendation (ECF No. 23) in its entirety.

3.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED.**

4.  Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** September 22, 2015.

THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 14